UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WINSOME SANDRA HARRISON,

    Plaintiff,

v.

JUDITH E. DOCTOR,
LESLIE DOCTOR, and
LAURA BLAU,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff WINSOME SANDRA HARRISON ("Harrison") brings this action against Defendants JUDITH E. DOCTOR ("Judith"), LESLIE DOCTOR ("Leslie"), and LAURA BLAU ("Blau") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Harrison regularly worked in Palm Beach County, Florida.

3. At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

4. At all times material hereto, Harrison was an employee in the domestic service of a home and performing a variety of domestic services as defined by 29 U.S.C. § 202.

5. Harrison engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

1

6. Judith is an FLSA employer as defined in 29 U.S.C. § 203(d), was directly involved in decisions affecting Harrison's employment including duties, employee compensation, and hours worked.

7. Leslie is an FLSA employer as defined in 29 U.S.C. § 203(d), was directly involved in decisions affecting Harrison's employment including duties, employee compensation, and hours worked.

8. Blau is an FLSA employer as defined in 29 U.S.C. § 203(d), was directly involved in decisions affecting Harrison's employment including duties, employee compensation, and hours worked.

9. Judith, Leslie, and Blau were joint employers of Harrison under the FLSA, shared Harrison's work, had Harrison acting in the interest of each other, and shared common control of Harrison.

10. Harrison worked for Defendants as a caregiver.

11. Defendants failed to pay Harrison's full and proper overtime wages.

12. Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

13. Attached as **Exhibit A** is a preliminary calculation of Harrison's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

14. Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: dc@kozlawfirm.com

_____
Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382