UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-cv-80225-AMC

WINSOME SANDRA HARRISON,

     Plaintiff,

vs.

JUDITH E. DOCTOR,
LESLIE DOCTOR, and
LAURA BLAU,

     Defendants.

_____/


JUDITH E. DOCTOR,

     Counterclaim Plaintiff,

vs.


WINSOME SANDRA HARRISON,

     Counterclaim Defendant.

_____/

**DEFENDANTS, JUDITH E. DOCTOR, LESLIE DOCTOR, AND LAURA BLAU'S
ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT, AND
DEFENDANT/COUNTERCLAIM PLAINTIFF, JUDITH E. DOCTOR'S
COUNTERCLAIM**

Defendants, Judith E. Doctor, Leslie Doctor, and Laura Blau ("Defendants"), by and

through their undersigned counsel and pursuant to this Court's Order Requiring Combined

Responses [DE 6], hereby file their Answer and Affirmative Defenses to the Complaint filed by

Plaintiff, Winsome Sandra Harrison ("Plaintiff"). Defendants respond to the allegations of the

Complaint in corresponding sections and paragraphs, as follows:

1

ANSWER

1.      In response to the allegations in Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to assert a claim arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and that this Court has jurisdiction over such claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).  However, Defendants deny that Plaintiff has asserted a claim upon which relief may be granted.

2.      In response to the allegations in Paragraph 2 of the Complaint, Defendants admit that Plaintiff worked in the home of Defendant, Judith E. Doctor, in Palm Beach County, Florida, on and off at various times from approximately November 2019 until January 25, 2025.

3.      In response to the allegations in Paragraph 3 of the Complaint, Defendants admit that Plaintiff previously worked in the home of Defendant, Judith E. Doctor, and that during such time Plaintiff was a resident of Florida.  The remaining allegations in Paragraph 3 of the Complaint are denied.

4.      In response to the allegations in Paragraph 4 of the Complaint, Defendants admit that Plaintiff performed services within the home of Defendant, Judith E. Doctor.  The remaining allegations in Paragraph 4 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 4 are denied.

5.      The allegations in Paragraph 5 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 5 are denied.

6.      The allegations in Paragraph 6 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 6 are denied.

7.      The allegations in Paragraph 7 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 7 are denied.

8.      The allegations in Paragraph 8 of the Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 8 are denied.

9.      Defendants deny the allegations in Paragraph 9 of the Complaint.

10.     In response to the allegations in Paragraph 10 of the Complaint, Defendants admit that Plaintiff worked in the home of Defendant, Judith E. Doctor, as a caregiver.  The remaining allegations in Paragraph 10 are denied.

11.     Defendants deny the allegations in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations in Paragraph 12 of the Complaint.

13.     In response to the allegations in Paragraph 13 of the Complaint, Defendants acknowledge that Plaintiff has attached as Exhibit A to the Complaint a "Statement of Claim" that purports to set forth an estimate of damages claimed by Plaintiff.  However, Defendants deny the accuracy of the "Statement of Claim," including but not limited to as to the purported, alleged hours worked, rates of pay, unpaid overtime wages, and liquidated damages.

14.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, must deny same.

ANSWER TO COUNT I<br>
<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u><br>
<u>AGAINST ALL DEFENDANTS</u>

15.     In response to the allegations in Paragraph 15 of the Complaint, Defendants incorporate by reference their responses to the referenced paragraphs of the Complaint, 1 through 14.

3

16.     Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     In response to the allegations in Paragraph 17 of the Complaint and the *ad damnum* clause immediately following Paragraph 17 of the Complaint, Defendants admit that Plaintiff purports to seek recovery of damages as well as interest, costs, and attorneys' fees pursuant to 29 U.S.C. §216(b), but denies that Plaintiff has stated a claim upon which relief may be granted, and further denies that Plaintiff is entitled to any relief or remedy in this action whatsoever.

## JURY DEMAND

Defendants admit that Plaintiff demands a jury trial, but denies there are any issues so triable in this action.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not expressly admitted above.

## **AFFIRMATIVE DEFENSES**

Without admitting liability, Defendants state their affirmative defenses as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.  In particular, Defendants assert that Plaintiff previously received all monies due to her for all hours worked (including alleged overtime hours).

2.     Plaintiff's claim for alleged unpaid overtime is barred to the extent Plaintiff is covered by applicable exemptions to the FLSA overtime requirement, including, but not limited to, the companionship services exemption (29 U.S.C. §213(a)(15)).

3.     Defendants, Leslie Doctor and Laura Blau, assert that they are not individually liable to Plaintiff as they did not have sufficient direct operational control or supervision of her day to day functions and neither set her work schedule nor her pay rate, such that they could be considered "employers" within the meaning of the FLSA.

4

4.      Plaintiff's claims under the FLSA are barred and/or nonexistent as Plaintiff did not work the hours alleged.

5.      Overtime compensation cannot be recovered by Plaintiff for periods of time during which Plaintiff performed no work (including, without limitation, vacation and/or sick/medical leave, or for periods of time during which Plaintiff was otherwise absent from the workplace).

6.      To the extent any liability is found under the FLSA, Defendants are entitled to a set-off for monies withdrawn by Plaintiff from the accounts of Defendant, Judith Doctor, including, but not limited to, checks she wrote to herself and monies she withdrew from Defendant, Judith Doctor's bank accounts. Further, Defendants are entitled to a set-off for unauthorized personal charges to Defendant, Judith Doctor's credit cards, including transactions for groceries, personal items, and furniture purchases by Plaintiff.  Plaintiff lacked authorization to withdraw such funds from Defendant, Judith Doctor's accounts and to utilize Defendant, Judith Doctor's credit cards for Plaintiff's own personal expenses.  To the extent Plaintiff claims Defendant, Judith Doctor, consented to such transactions, Defendants assert that Defendant, Judith Doctor, an infirm and elderly woman, lacked capacity to consent to such transactions.  Further, any alleged consent was the result of undue influence exercised by Plaintiff over Defendant, Judith Doctor.

7.      Plaintiff is barred from recovery in this action due to her own unclean hands, in that she has falsified her hours worked and she withdrew funds from Defendant, Judith Doctor's accounts and used her credit cards without proper authorization.

8.      For any hours Plaintiff claims to have worked in excess of what she was paid, Defendants were unaware of such hours.  Plaintiff failed to inform Defendants, Leslie Doctor and Laura Blau, of any such additional hours.  Further, Defendant, Judith Doctor, an infirm and elderly woman, could not consent to Plaintiff working in excess of her scheduled hours.

9. Plaintiff is not entitled to liquidated damages as Defendants at all times acted in good faith and with reasonable grounds for believing Defendants were in compliance with the FLSA.

10. Any portion of the claim asserted in the Complaint that arises outside the two year limitations period set forth in 29 U.S.C. §255(a) is barred or limited by the absence of willfulness by the Defendants.

11. Defendants reserve the right to raise additional affirmative defenses as discovery may reveal.

**WHEREFORE**, having answered Plaintiff's Complaint and having raised affirmative defenses, Defendants respectfully request that the Court enter an Order dismissing Plaintiff's Complaint with prejudice and awarding Defendants the costs and disbursements of this action, as it has been brought in bad faith, together with such other and further relief as this Court deems just and proper.

## DEFENDANT/COUNTERCLAIM PLAINTIFF, JUDITH E. DOCTOR'S, COUNTERCLAIM

Defendant/Counterclaim Plaintiff, Judith E. Doctor ("Counterclaim Plaintiff"), by and through her undersigned counsel, and pursuant to Rule 13, Fed. R. Civ. P., hereby files her Counterclaim against Plaintiff/Counterclaim Defendant Winsome Sandra Harrison ("Counterclaim Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Counterclaim Plaintiff is a citizen of the state of Florida, residing within the Southern District of Florida, and thus is subject to the personal jurisdiction of this Court.

6

2.      Upon information and belief, Counterclaim Defendant is a citizen of the state of Florida, residing within the Southern District of Florida, and thus is subject to the personal jurisdiction of this Court.

3.      This Court has jurisdiction under 28 U.S.C. § 1367 because the claim raised herein arises out of the same transaction or occurrence that is the subject matter of Counterclaim Defendant's Complaint against Counterclaim Plaintiff and forms part of the same case or controversy.

4.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1), because both Counterclaim Plaintiff and Counterclaim Defendant reside in this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

5.      All conditions precedent to bringing this action have been satisfied and/or have been waived.

6.      Counterclaim Plaintiff employed Counterclaim Defendant to work in her home in Palm Beach County, Florida, as a caregiver, on and off from approximately November 2019 until January 25, 2025.

7.      Counterclaim Plaintiff is aged, physically infirm, and a vulnerable adult and is susceptible to influence. She has been on Hospice care since January 2025.

8.      Counterclaim Plaintiff has granted durable power of attorney to her children, including Defendants, Leslie Doctor and Laura Blau.

9.      In her role as Counterclaim Plaintiff's caregiver, Counterclaim Defendant provided companionship services to Counterclaim Plaintiff both in and outside her home. Among other job

7

responsibilities, Counterclaim Defendant accompanied Counterclaim Plaintiff outside of her home on errands and appointments.

10.     As Counterclaim Plaintiff's caregiver, Counterclaim Defendant occupied a position of trust, trust placed in her not only by Counterclaim Plaintiff, but by her children, including Defendants, Leslie Doctor and Laura Blau. Counterclaim Defendant abused this trust, exerting undue influence over Counterclaim Plaintiff, and taking advantage of her frail state.

11.     Counterclaim Defendant had access to Counterclaim Plaintiff's bank and credit cards as well as her checkbook, and over the course of her employment, abused this access, utilizing Counterclaim Plaintiff's funds and credit cards for her own personal gain.

12.     Specifically, Counterclaim Defendant made numerous unauthorized withdrawals from the bank accounts of Counterclaim Plaintiff, totaling $27,920.00.

13.     In addition, Counterclaim Defendant made a number of unauthorized purchases using Counterclaim Plaintiff's credit cards, including two transactions for the purchase of furniture for Counterclaim Defendant's own residence, totaling $13,184.18.

14.     Further, during her employment, Counterclaim Defendant wrote several checks to herself from Counterclaim Plaintiff's accounts, totaling $9,780.00.

15.     Moreover, multiple fraud alerts were issued by Counterclaim Plaintiff's banks due to Counterclaim Defendant's attempts to access Counterclaim Plaintiff's bank accounts and change the account passwords. Ultimately, Defendants, Leslie Doctor and Laura Blau, were required to lock Counterclaim Plaintiff's accounts to prevent Counterclaim Defendant from taking further advantage of Counterclaim Plaintiff's vulnerable condition.

16.     Counterclaim Plaintiff did not have the mental capacity to authorize any of the foregoing transactions, and Counterclaim Defendant never sought authorization for such

8

transactions from Counterclaim Plaintiff's children, Defendants, Leslie Doctor and Laura Blau. As such, Counterclaim Defendant lacked authorization for the referenced transactions.

## COUNT I – UNJUST ENRICHMENT

17. Counterclaim Plaintiff realleges Paragraphs 1 through 16 above as though set forth fully herein.

18. Counterclaim Plaintiff unwittingly conferred substantial benefits on Counterclaim Defendant, as set forth above.

19. Counterclaim Defendant has knowledge of the benefits conferred on her.

20. Counterclaim Defendant voluntarily accepted and retained the benefits conferred on her.

21. The circumstances are such that it would be unjust for Counterclaim Defendant to retain the benefits conferred on her by Counterclaim Plaintiff.

22. Counterclaim Plaintiff is entitled to damages as a result of Counterclaim Defendant's unjust enrichment, including the disgorgement of all monies unlawfully taken and retained by Counterclaim Defendant.

**WHEREFORE,** Counterclaim Plaintiff, Judith E. Doctor, respectfully requests that this Court enter judgment in her favor awarding damages and such other and further relief this Court deems appropriate.

## COUNT II – CONVERSION

23. Counterclaim Plaintiff realleges Paragraphs 1 through 12, 14 and 16 above as though set forth fully herein.

24. Counterclaim Defendant made unauthorized cash withdrawals from the bank accounts of Counterclaim Plaintiff, totaling $27,920.00.

25.     In addition, Counterclaim Defendant wrote several checks to herself from Counterclaim Plaintiff's bank accounts, totaling $9,780.00.

26.     As such, Counterclaim Defendant has wrongfully asserted dominion over Counterclaim Plaintiff's money inconsistent with Counterclaim Plaintiff's ownership therein.

27.     Counterclaim Defendant has permanently deprived Counterclaim Plaintiff of the right to possession of her money.

**WHEREFORE,** Counterclaim Plaintiff, Judith E. Doctor, respectfully requests that this Court enter judgment in her favor awarding damages in the amount of $37,700.00, and such other and further relief this Court deems appropriate.

Dated:  April 21, 2025                              Respectfully submitted,


By:/s/ *Arlene K. Kline*
　　Arlene K. Kline (Fla. Bar No.: 104957)
　　Email: arlene.kline@akerman.com
　　Melissa S. Zinkil (Fla. Bar No.: 0653713)
　　Email:  melissa.zinkil@akerman.com
　　M. Megan Coughlin (Fla. Bar. No.: 113667)
　　Email: megan.coughlin@akerman.com
　　**AKERMAN LLP**
　　777 South Flagler Drive
　　Suite 1100 West Tower
　　West Palm Beach, FL 33401
　　Telephone: (561) 653-5000
　　Facsimile: (561) 659-6313
　　Secondary Email:
　　danielle.putnam@akerman.com
　　Secondary Email: elisa.waites@akerman.com
　　Secondary Email:carrie.hastings@akerman.com
　　*Attorneys for Defendants, Judith E. Doctor,*
　　*Leslie Doctor, and Laura Blau, and*
　　*Counterclaim Plaintiff, Judith E. Doctor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2025, the foregoing document is being served on all counsel of record identified in the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: /s/ *Arlene K. Kline*
Arlene K. Kline (Fla. Bar No.: 104957)

## SERVICE LIST

*Winsome Sandra Harrison v. Judith E. Doctor, Leslie Doctor, and Laura Blau*
*Case No.: 9:25-cv-80225-AMC*

**United States District Court, Southern District of Florida**

Elliot Kozolchyk, Esq.
Dillon S. Cuthbertson, Esq.
**Koz Law, P.A.**
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
T. (786) 924-9929
F: (786) 358-6071
Email ekoz@kozlawfirm.com
Email: dc@kozlawfirm.com
*Counsel for Plaintiff and*
*Counterclaim Defendant*